ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA A. BOERSCH (CABN 126569)
Chief, Criminal Division

DANIEL N. KASSABIAN (CABN 215249)
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102-3495
   Tel:   (415) 436-7204
   Fax:  (415) 436-7234
   daniel.kassabian@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>NICOLE ALEXANDRA MCCABE,<br><br>    Defendant. | CASE NO. CR 21-00339-EJD<br><br>**UNITED STATES' SENTENCING MEMORANDUM**<br><br>Date:  June 11, 2024<br>Time:  2 pm<br>Ctrm.:  4, 5th Fl.<br>Judge:  The Honorable Edward J. Davila |

## I. INTRODUCTION

Defendant Nicole McCabe was most recently charged on January 10, 2024 in a Superseding Information with a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C)—Possession with Intent to Distribute and Distribution of Methamphetamine. She pled guilty to that charge on March 4, 2024.

Before her latest charge and guilty plea, Ms. McCabe was admitted on June 15, 2023 to the Conviction Alternatives Program (CAP) following a guilty plea to an Indictment. Having successfully completed CAP, pursuant to the parties' Plea Agreement, the government recommends a time-served sentence consistent with the recommendation in the Pre-Sentence Investigation Report (PSR).

## II. NATURE AND CIRCUMSTANCES OF THE OFFENSE CHARGED

On August 1, 2017, following phone calls between, Ms. McCabe sold two ounces (net weight 55.320

grams) of 99% pure methamphetamine to a Confidential Human Source (CHS) for $500 at the home of "Buddha" (his actual name is in the PSR, but not repeated here for privacy reasons) a known member of a local Norteño street gang called San Jose Grande. The phone calls were audio recorded, and the transaction was audio/video recorded by the Federal Bureau of Investigation (FBI).

Ms. McCabe's case was filed on September 1, 2021—just over four years after the charged offense—in concluding a large, multi-year investigation by the FBI and the Santa Clara County Violent Gang Task Force that initially focused on San Jose Grande, but eventually grew to include the "inner circle" of the Nuestra Familia prison gang. That investigation resulted in 14 indictments—many with multiple defendants—that were ultimately related and assigned to the Honorable Yvonne Gonzalez Rogers, United States District Court Judge. Those indictments resulted in the takedown of those gangs through the arrests of dozens of gang members and their associates, including Ms. McCabe, on September 15, 2021. (*Note*: the PSR incorrectly states that Ms. McCabe was arrested was on June 16).

### III.  CRIMINAL HISTORY

Ms. McCabe has nine convictions going back to 2005, including five felony fraud/theft-related convictions. The government agrees with the PSR's calculation of Criminal History Category V.

### IV.  TOTAL OFFENSE LEVEL

The government agrees with the PSR's finding of a Total Offense Level of 27. Of note, the Plea Agreement calculated the level as 25 because it included a 2-level reduction for safety valve. While Ms. McCabe was eligible for that reduction at the time of the Plea Agreement, she became ineligible pursuant to a change in how the First Step Act is interpreted. *See Pulsifer v. United States*, 144 S. Ct. 718 (March 24, 2024) (overruling *United States v. Lopez*, 998 F.3d 431 (9th Cir. 2021).

A Total Offense Level of 27, Criminal History Category V, results in an advisory guideline range of 120 to 150 months.

### V.  SENTENCING FACTORS FOR CONSIDERATION

Factors appropriate for consideration pursuant to 18 U.S.C. § 3553(a) include not only the nature and circumstances of the offense, but Ms. McCabe's rehabilitation efforts. As discussed in more detail below, while Ms. McCabe suffered a relapse during her time on pretrial release, she took measures to regain sobriety, and distanced herself from negative influences; consequently, the Court gave her an

opportunity to participate in CAP, and Ms. McCabe has done very well since.

On September 16, 2021 (i.e., the day after her arrest), Ms. McCabe had her initial court appearance. Per the government's agreement, she was released pretrial subject to supervision. Ms. McCabe agreed to submit to drug and alcohol testing, and to participate in substance abuse treatment. In a subsequent post-bail interview, Ms. McCabe admitted that she had used methamphetamine recently, and tested positive for methamphetamine use on September 21, 2021. That noted, she had been performing well on probation from a state conviction in 2019, which included outpatient drug treatment.

While Ms. McCabe did well on pretrial supervision for almost a year, Pretrial Services recommended against her referral to CAP in report dated July 7, 2022. As noted therein, even though she met the prognostic risk factors to qualify, "Pretrial Services ha[d] concerns over Ms. McCable's *lack of honesty and candor*." (Emphasis in original.) Soon thereafter, Ms. McCabe tested positive for methamphetamine use on August 3, 2022, after not showing up for a test scheduled for July 25. Additional violations for failing to test and failing to report to her pretrial officer followed on August 19 and 22, respectively. To her credit, Ms. McCabe recognized that she was relapsing. While she wanted to keep going about her daily life, she admitted herself into residential treatment at Center Point Residential Drug Treatment Program on August 29, which she completed two months later.

Unfortunately, on November 11, 2022—soon after leaving residential treatment—she was found and temporarily detained by police officers at Buddha's home; he was the subject of four active state felony arrest warrants at that time. During his arrest and Ms. McCabe's detention, police officers searched the home and found a loaded compact semi-automatic pistol, two baggies each with approximately 3 grams of methamphetamine, and a glass smoking pipe with residue—all in the kitchen. Officers also found several shaved keys and several mailbox keys, which appeared to be burglary tools, in a backpack associated with Buddha. Officers also found Ms. McCabe's personal effects in the home, suggesting that she lived there. Ms. McCabe told police that she was staying at the home, that she periodically dated Buddha, but that she was not aware of the firearm or the methamphetamine. While she was not found in violation of her pretrial release conditions, the incident demonstrated questionable judgment by Ms. McCabe in putting herself back in a situation where she was associating with a gang member and lived in a home with drugs and a firearm that she could not lawfully possess.

After the incident on November 11, it appears that Ms. McCabe fully committed herself to break free from her past associations that enabled her addiction and criminal activity. In an amended CAP assessment report dated December 30, 2022, Pretrial Services stated that it still "question[ed] the defendant's ability to commit to the program and comply with the significant requirements of CAP." Despite those reservations, however, Pretrial Services recommended Ms. McCabe's referral to the CAP Team for an intake interview to determine whether she is a suitable candidate for the program. After her entry of a guilty plea on January 26, 2023 to the then pending charge in the Indictment, Judge Gonzalez Rogers took up the issue of whether to refer Ms. McCabe to the CAP Team. As it had throughout, the government deferred to Pretrial Services' assessment. Ms. McCabe's attorney staunchly advocated to the Court that Ms. McCabe be given that opportunity. Judge Gonzalez Rogers agreed to do so. The San Jose CAP Team then met with Ms. McCabe on May 23, 2023, and admitted her into CAP.

As noted in the PSR, since being accepted into CAP, Ms. McCabe has remained drug free, secured fulltime employment at Tesla in March 2023 and was promoted to a better paying job there in April 2024, obtained her high school diploma on March 18, 2024, and has continued to receive mental health and substance abuse counseling. She is scheduled to graduate CAP on June 11, 2024.

## VI.  SENTENCING RECOMMENDATION

Ms. McCabe has demonstrated that she was worthy of the chance that the Court took on her by admitted her into CAP. Probation recommends a variance from the Guidelines for a sentence of time served, a 3-year term of supervised release, a $100 mandatory special assessment. The United States joins in the time-served sentencing recommendation.

Respectfully submitted,

DATED: May 30, 2024

ISMAIL J. RAMSEY
United States Attorney

/s/
DANIEL N. KASSABIAN
Assistant United States Attorney

2099-6882-4578, v. 1